IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROMAN CORPORATION, an Oregon corporation, <br><br>  Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY; SIKORSKY AIRCRAFT CORPORATION; HELICOPTER SUPPORT, INC., a Connecticut corporation; UNITED TECHNOLOGIES CORPORATION, a Delaware corporation; and ROTAIR INDUSTRIES, INC., <br><br>  Defendants. | 2:05-cv-0575-GEB-JFM <br><br> ORDER* |

Defendants United Technologies Corporation ("UTC"), Sikorsky Aircraft Corporation, Inc. ("Sikorsky"), and Helicopter Support, Inc. ("HSI") (collectively the "Defendants") move to dismiss Plaintiff Croman Corporation's ("Croman") Second Amended Complaint ("Complaint") under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative,

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

for a more definite statement under Federal Rule of Civil Procedure 12(e).[1]  For the reasons stated below the motions are denied.

### Background

On March 26, 2002, a Sikorsky S-61A helicopter owned by Croman crashed near Lakehead, California.  The helicopter was destroyed in the crash.  Croman's Complaint alleges that Defendants caused the accident that destroyed the helicopter and raises three claims against them:  strict products liability, negligence, and breach of express and implied warranties.

### Motion to Dismiss[2]

Defendants seek dismissal of Croman's claims arguing that an actionable claim is not stated.  First, they argue that Croman's claims for strict products liability and negligence are barred by the "economic loss rule."  Second, they argue that Croman's claims for breach of warranty and strict products liability fail to allege a necessary element.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote

---

[1] UTC noticed its motions on July 7, 2005.  On August 19, 2005, Sikorsky and HSI filed a "Notice of Joinder" to UTC's motions so that the relief requested by UTC would apply to them if granted.  The "Notice of Joinder" is untimely because it failed to satisfy the notice requirement of L.R. 78-230(b).  Even though the "Notice of Joinder" is untimely, the motions will be decided as if UTC, Sikorsky, and HSI had brought them in the first instance because the decision will not adversely affect Croman.

[2] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise noted.

1  omitted); see also De Le Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.
2  1978) (indicating that the inquiry is whether the plaintiff is
3  entitled to proceed in attempting to establish its claim).  Thus, all
4  allegations in the complaint are assumed to be true and are construed
5  in the light most favorable to the plaintiff.  Terracom v. Valley
6  Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995); Chandler v. McMinnville
7  School Dist., 978 F.2d 524, 526-27 (9th Cir. 1992).

8        Defendants argue that the "economic loss rule" bars Croman's
9  tort claims.  (Mot. at 5.)  In California, the "economic loss rule"
10 prohibits tort plaintiffs from recovering damage to a defective
11 product when the damage was caused by the product defect.  Jimenez v.
12 Superior Court, 29 Cal. 4th 473, 483 (2002); Robinson Helicopter Co.,
13 Inc. v. Dana Corp., 34 Cal. 4th 979, 989 (2004).  Plaintiffs, however,
14 may recover in tort if the defective product "cause[d] damage to other
15 property, that is, property *other than the product itself*."  Jimenez,
16 Cal. 4th at 483 (internal quotation marks omitted).  Defendants
17 contend that Croman only complains of damage to the allegedly
18 defective products and therefore, its tort claims are barred by the
19 "economic loss rule."   (Mot. at 6.)

20       Croman, however, has alleged that "component parts" were
21 defective and contributed to the loss of the helicopter.  (Second Am.
22 Compl. at ¶ 12.)  See KB Home v. Superior Court, 112 Cal. App. 4th
23 1076, 1079-80 (2003)(indicating that determining whether "other
24 property" was damaged involves resolution of factual allegations).
25 Since, Defendants have not shown that Croman's factual allegation
26 entitles them to dismissal as a matter of law, this portion of the
27 motion is denied.

1           Defendants also argue that Croman's claims for breach of
2  warranty and strict products liability should be dismissed because
3  Croman has not alleged a necessary element of each claim in its
4  Complaint.  The Rules require a plaintiff to plead "'a short and plain
5  statement of the claim' that will give the defendant fair notice of
6  what the plaintiff's claim is and the grounds upon which it rests."
7  <u>Conley</u>, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)).  Thus, "it is
8  not necessary that plaintiff state sufficient facts to constitute a
9  cause of action"; plaintiff must only "set forth enough details so as
10 to provide defendant and the court with a fair idea of the basis of
11 the complaint and the legal grounds claimed for recovery."  <u>Self
12 Directed Placement Corp. v. Control Data Corp.</u>, 908 F.2d 462, 466 (9th
13 Cir. 1990)(citing <u>Conley</u>, 355 U.S. at 48).  Since Croman has provided
14 Defendants with sufficient "notice pleading," the motion to dismiss is
15 denied.

16                   <u>Motion for a More Definite Statement</u>

17          Alternatively, Defendants contend that their motion for a
18 more definite statement should be granted because Croman's Complaint
19 neither identifies the parts allegedly designed or manufactured by
20 them nor those parts which allegedly caused the accident.  Rule 12(e)
21 provides that a motion for a more definite statement is appropriate
22 where the complaint so "vague or ambiguous that a party cannot
23 reasonably be required to frame a responsive pleading."  Fed. R. Civ.
24 P. 12(e).  The omissions about which Defendants complain do not make
25 the Complaint so vague or ambiguous as to preclude them from framing
26 an answer. See <u>Sasan v. Apple Computer, Inc.</u>, 874 F. Supp. 1072, 1077
27 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the
28

1  pleadings, to learn the specifics of the claims being asserted.").
2  Therefore, the motion for a more definite statement is also denied.
3
4           IT IS SO ORDERED.
5  Dated:  September 12, 2005
6
7                                    /s/ Garland E. Burrell, Jr.
                                     GARLAND E. BURRELL, JR.
                                     United States District Judge
8