```
 1
 2
 3
 4
 5
 6
 7                    IN THE UNITED STATES DISTRICT COURT
 8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
    CROMAN CORPORATION, an Oregon     )    2:05-cv-0575-GEB-JFM
10  corporation,                      )
                                      )
11                 Plaintiff,         )    ORDER
                                      )
12  v.                                )
                                      )
13  GENERAL ELECTRIC COMPANY, a New   )
    York corporation; SIKORSKY AIRCRAFT)
14  CORPORATION, a Delaware           )
    corporation; HELICOPTER           )
15  SUPPORT, INC., a Connecticut      )
    corporation; UNITED TECHNOLOGIES  )
16  CORPORATION, a Delaware           )
    corporation; and ROTAIR           )
17  INDUSTRIES, INC., a Connecticut   )
    corporation,                      )
18                                    )
                   Defendants.        )
19  _____)
```

On January 30, 2006, the parties filed a stipulation and proposed order seeking to reset the trial date in this action. The Rule 16 Scheduling Order ("Scheduling Order") filed August 1, 2005, set trial to commence on March 20, 2007. (Scheduling Order at 8.) The Scheduling Order also reminded the parties that "pursuant to Federal Rule of Civil Procedure 16(b), the [Scheduling Order] shall not be modified except by leave of Court upon a showing of good cause." (Id.) The parties' stipulation to modify the Scheduling

1

Order, which was entered over six months ago, does not constitute "good cause." As the parties were cautioned in the Scheduling Order, "a mere stipulation by itself to change [a] date[] [in the Scheduling Order] does not constitute good cause." (Id. at 9.) Therefore, the trial commencement date will remain as set.

IT IS SO ORDERED.

Dated:  February 3, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge