GARRY L. MONTANARI, State Bar No. 89790
MICHAELIS, MONTANARI & JOHNSON, P.C.
4333 Park Terrace Drive, Suite 110
Westlake Village, CA 91361
Telephone No.:        (818) 865-0444

Attorneys for Defendant
HELICOPTER SUPPORT, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROMAN CORPORATION, an Oregon corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY; SIKORSKY AIRCRAFT CORPORATION; HELICOPTER SUPPORT, INC., a Connecticut corporation; UNITED TECHNOLOGIES CORPORATION, a Delaware corporation; and ROTAIR INDUSTRIES, INC.,<br><br>          Defendants. | CASE NO.: S-05-575 GEB JFM<br>**Judge Garland Burrell, Jr.**<br><br>**AGREEMENT AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL MATERIALS AND STIPULATED PROTECTIVE ORDER** |

This **AGREEMENT AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL MATERIALS AND STIPULATED PROTECTIVE ORDER** (hereinafter referred to as the "AGREEMENT") is entered into on February 28, 2006 by CROMAN CORPORATION (hereinafter referred to as "CROMAN"), SIKORSKY AIRCRAFT CORPORATION, HELICOPTER SUPPORT, INC., and UNITED TECHNOLOGIES CORPORATION (hereinafter collectively referred to as "SIKORSKY"), ROTAIR INDUSTRIES, INC. (hereinafter referred to as "ROTAIR") and GENERAL ELECTRIC COMPANY (hereinafter referred to as "GE") (collectively "the Parties").

Whereas CROMAN has sued SIKORSKY, ROTAIR and GE in United States District Court, Eastern District of California, in Action No. S-05-0575 GEB-JFM, entitled <u>Croman Corporation, Plaintiff v. General Electric Company., et al. Defendants</u> (hereinafter referred to as the "LITIGATION"); and

Whereas the Parties desire to protect and preserve confidential materials that may be produced in the course of the LITIGATION;

NOW THEREFORE, it is hereby stipulated and agreed by and between the Parties and counsel for the Parties to this AGREEMENT that, unless provided otherwise by written agreement of the Parties or court order, the terms and conditions of this AGREEMENT shall be applicable to and govern documents and other tangible things produced by the Parties in the LITIGATION in response to requests for production, including notices requiring production of documents by experts designated by any party to the AGREEMENT.

The Parties further covenant as follows:

1. <u>Designations of "CONFIDENTIAL" Materials.</u>

The Parties shall have the right to designate as "CONFIDENTIAL" those documents or things each believes in good faith constitute or embody matter used by it in or pertaining to its business, which matter is not generally known and which the designating party would not voluntarily reveal to third parties or would cause third parties to maintain in confidence.  ALL PARTIES shall also have the right to designate as "CONFIDENTIAL SUBJECT TO EXPORT CONTROL" those documents or things each believes in good faith constitute or embody matter subject to the International Traffic in Arms Regulations ("ITAR"), Subchapter M, Title 22, Code of Federal Regulations, Parts 120 through 130 (22 CFR 120-130) and/or the Export Administration Regulations ("EAR"), Subchapter C, Title 15, Code of Federal Regulations, Parts 730 through 774 (15 CFR 730-774) (hereinafter referred to as "the U.S. Export Regulations").  As used herein, "CONFIDENTIAL" shall refer to both materials marked CONFIDENTIAL or CONFIDENTIAL SUBJECT TO EXPORT CONTROL unless otherwise specifically provided.

2. <u>Restriction on Disclosure of Designated Materials.</u>

No document or things designated CONFIDENTIAL pursuant to paragraph 1 and 3

of this AGREEMENT shall be disclosed to any person or entity except as set forth in this AGREEMENT. No person shall use any material designated CONFIDENTIAL for any purpose other than to assist counsel of record in this action in the preparation and trial of this action or as specifically set forth in paragraphs 5(f) and/or 6. No copies of designated materials shall be made except by or on behalf of counsel of record for the Parties to the above captioned matter or those specifically authorized in paragraphs 5(f) and/or 6.

In the case of materials marked CONFIDENTIAL SUBJECT TO EXPORT CONTROL, the Parties understand that such documents are believed by the producing party to be covered by the U.S. Export Regulations and such documents may not be disclosed or disseminated to, or shared with any non-U.S. citizen without any required express approval of the federal government of the United States. Prior to the disclosure, dissemination or sharing of materials marked as CONFIDENTIAL SUBJECT TO EXPORT CONTROL with anyone not a U.S. citizen, it shall be the responsibility of the party seeking to disclose, disseminate or share such material to obtain any necessary government approval. The PARTIES understand that violations of U.S. Export Regulations are punishable by both civil and criminal penalties which may be severe. The undersigned counsel who will receive the CONFIDENTIAL materials produced in this LITIGATION stipulate and affirm that they are citizens of the United States and agree that it is their responsibility to comply with U.S. Export Regulations and no documents marked as CONFIDENTIAL SUBJECT TO EXPORT CONTROL shall be disclosed or disseminated to or, shared with any non-U.S. citizen and no other things so marked, or in a container so marked, will be provided to any non-U.S. citizen without obtaining any necessary approval from the federal government .

3. <u>Marking of Designated Materials.</u>

Documents produced by CROMAN, SIKORSKY, ROTAIR or GE (hereinafter referred to as the "Producing Party") which the Producing Party wishes to protect against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO EXPORT CONTROL" or an equivalent marking on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. The designation of any thing as to which inspection or

1  sampling has been requested shall be made by placing a legend in the form described above on the
2  thing or on the container within which it is produced.

3              4.      Filing and Use of Designated Materials.

4                  (a)    CONFIDENTIAL materials shall not be filed with the Court unless
5  it is necessary to do so for purposes of trial, motions for summary judgment, other motions, or
6  appeals. The party seeking to use all such CONFIDENTIAL materials shall file them with the Clerk
7  of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed
8  the caption of this action, an indication of the nature of the contents of the sealed envelope or
9  container, the identity of the party filing the materials, the statement "CONFIDENTIAL-SUBJECT
10 TO PROTECTIVE ORDER", and a statement substantially in the following form:

11      This envelope (container) contains documents (things) subject to a PROTECTIVE ORDER
12 entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made
13 public, except by written order of the Court.

14      In the event that any CONFIDENTIAL material is used in any court proceeding in connection
15 with this litigation, it shall not lose its CONFIDENTIAL status through such use.

16                 (b)    CONFIDENTIAL material may be used at deposition pursuant to this
17 subparagraph. The transcript of the designated testimony shall be bound in a separate volume
18 marked by the reporter as Confidential. The CONFIDENTIAL material may only be used in the
19 presence of the Parties and persons who have agreed to be bound by this AGREEMENT. After time
20 for correction of deposition has expired, the Court Reporter shall not retain a copy of any
21 CONFIDENTIAL materials, or material containing confidential information. The Producing Party
22 seeking to protect CONFIDENTIAL materials at the deposition shall notify the Court Reporter of
23 this AGREEMENT, and shall notify the Court Reporter and all Parties within thirty (30) days of
24 receiving the deposition transcript of those portions of the deposition transcript that are to be treated
25 as CONFIDENTIAL.

26      The deposition transcript containing CONFIDENTIAL information shall be sealed.
27 No CONFIDENTIAL material, or portions of any deposition transcript designated as
28 CONFIDENTIAL as discussed above, shall be provided to any person other than those designated

under paragraph 5 below except upon further written approval of the Producing Party or court order. Those portions of a transcript that are not designated CONFIDENTIAL shall not be subject to the procedures described in this AGREEMENT pertaining to the use and disclosure of CONFIDENTIAL material.

        5.       <u>Access to CONFIDENTIAL materials</u>.

Information designated as CONFIDENTIAL as opposed to CONFIDENTIAL SUBJECT TO EXPORT CONTROL, can only be shown, made available, or communicated to the following persons or entities:

    (a)    the outside and in-house counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of such counsel;

    (b)    the Parties to this action and the principals, officers, agents and employees of a party whose assistance is required in the preparation of this case for trial and who must have access to the materials to render assistance in that preparation;

    (c)    any person not employed by a party who is expressly retained by a party to this action or any attorney described in paragraph 5(a) to assist in the litigation of this action, with disclosure of CONFIDENTIAL materials only to the extent necessary to perform such work;

    (d)    court reporters and any person who is deposed about or is the author or recipient of the CONFIDENTIAL materials of whom testimony is taken, except that such persons may be shown copies of CONFIDENTIAL materials only during such testimony and may not retain any CONFIDENTIAL material or copies thereof;

    (e)    the Court or its staff in connection with the Court's administration and adjudication of this action; and

    (f)    with regard to SIKORSKY, ROTAIR or CROMAN documents only, those individuals and entities who meet the descriptions set forth in sub-paragraph's 5(a), (b), (c), (d) and (e) for the *In re Helicopter Crash Near Wendle Creek, British Columbia on August 8, 2002,* (U.S. District Court, District of Connecticut, Case No. 3:04 MD 1649 (SRU)) ("CONNECTICUT ACTION") and *Croman Corporation v. Sikorsky Canada, Inc, et al.* (Supreme Court of British

1  Columbia, Vancouver Registry No. S044372) ("BC ACTION") suits in which The Rosen Law Firm
2  has appeared as co-counsel for CROMAN.  Dissemination of CONFIDENTIAL materials pursuant
3  to this sub-paragraph to those individuals and entities involved in the CONNECTICUT ACTION
4  and BC ACTION shall be as follows:  (1) CONFIDENTIAL materials will only be used for the
5  purpose of litigating the CONNECTICUT ACTION and BC ACTION; (2) if SIKORSKY or
6  ROTAIR are dismissed, or if plaintiffs agree to dismiss one or more of these parties, from either the
7  CONNECTICUT ACTION and BC ACTION, dissemination of dismissed entities CONFIDENTIAL
8  materials will cease in that suit(s); (3) CONFIDENTIAL materials will be disseminated in the
9  CONNECTICUT ACTION and BC ACTION by SIKORSKY's and ROTAIR's counsel of record
10 after counsel for each of the other parties in those actions has received a copy of this AGREEMENT
11 and has agreed to be bound by the terms of this AGREEMENT; and (4) each CONFIDENTIAL item
12 disseminated under this sub-paragraph will be marked with a Bates Number and such BATES
13 Numbers will remain on all such CONFIDENTIAL material when used in the CONNECTICUT
14 ACTION and BC ACTION. CONFIDENTIAL materials produced by GE in this LITIGATION shall
15 not be disseminated or used in the CONNECTICUT ACTION or BC ACTION as GE is not a party
16 to those actions.

17       6.      In this LITIGATION and the CONNECTICUT ACTION, information
18 designated as CONFIDENTIAL SUBJECT TO EXPORT CONTROL may be disclosed or provided
19 to U.S. citizens only who meet the descriptions set forth in sub-paragraph 5(a) through 5(e) above.
20 No such information may be disclosed or provided to a non-U.S. citizen unless the party seeking to
21 disclose or disseminate such material obtains any required express approval from the federal
22 government of the United States to disclose information to a non-U.S. citizen.  Documents
23 designated as CONFIDENTIAL SUBJECT TO EXPORT CONTROL may not be made available
24 in the BC ACTION.

25       7.      <u>Undertakings of Persons Receiving Designated Materials</u>.
26       In no event shall any material designated CONFIDENTIAL be disclosed to any
27 person (except those described in 5(d) and 5(e)) until that person has executed a written declaration
28 in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this

1  AGREEMENT and agrees to be bound thereby.  In the event of depositions of third party witnesses
2  (not including present employees of any of the defendants) at which CONFIDENTIAL documents
3  or things are to be shown or revealed to the deponent, the party seeking to use such materials shall
4  request that said deponent execute a written declaration in the form attached hereto as Exhibit A.
5  Unless such a declaration is obtained, CONFIDENTIAL materials shall not be disclosed to the
6  deponent.  However, documents designated by a defendant as CONFIDENTIAL may be used at a
7  deposition of that defendant's former employees even if the deponent refuses to sign such a
8  declaration. Counsel of record for each party to this action shall be responsible for maintaining a file
9  of all such declarations.  Each party's counsel and retained experts who have access to
10  CONFIDENTIAL materials will execute a written declaration in the form attached hereto as Exhibit
11  A.  The file of the signed declarations shall be available for inspection upon reasonable notice of
12  opposing counsel after the action has been dismissed or judgment has been entered.

13         8.    <u>Right to Additional Safeguards</u>.

14  This AGREEMENT is without prejudice to each Producing Party's right to request,
15  by noticed motion, a more restrictive level of confidentiality for any information that it considers
16  more highly confidential and/or sensitive.  This AGREEMENT is also without prejudice to each
17  Parties' right to seek to expand the scope of those who may have access to CONFIDENTIAL
18  materials through an appropriate court order.

19         9.    <u>Limitations Upon Scope of AGREEMENT</u>.

20  Nothing contained in this AGREEMENT shall affect the right of the Producing Party
21  to disclose or use for any purpose the documents or things produced and designated by it as
22  CONFIDENTIAL.  This AGREEMENT shall not limit or affect the rights of any party to use or
23  disclose any documents or things that have not been obtained through, or derived as a result of, this
24  action. This AGREEMENT is also without prejudice to each party's right to contest, pursuant to
25  paragraph 12, that documents or things were inappropriately designated as CONFIDENTIAL.

26         10.    <u>Clerk to Return Designated Materials</u>.

27  Upon final adjudication (including any appellate proceedings) of the claims at issue
28  in this action, or upon such earlier order as the Court may enter pursuant to a duly noticed motion

1  and hearing, the Parties shall request that the Clerk of the Court return to each party all of materials
2  designated CONFIDENTIAL that have been filed with the Court by that party.

3        11.      <u>Disposition of Designated Materials at End of Case</u>.

4        Within sixty (60) days of the final adjudication (including any appellate proceedings)
5  or other final disposition of the claims at issue herein, counsel for each party to this action shall serve
6  upon all other Parties a statement setting forth the name and last known address of each person to
7  who access to any CONFIDENTIAL information has been made available. Unless otherwise agreed
8  to in writing by an attorney of record for the Producing Party, each party shall then either (1)
9  assemble and return all designated material in its possession, including all copies thereof, to the
10 Producing Party or (2) certify in writing that all such material has been destroyed. The Producing
11 Party shall acknowledge in writing the receipt of the returned material.

12       12.      <u>Use of Confidential Material</u>.

13       The inadvertent failure to initially designate information as CONFIDENTIAL in
14 accordance with this AGREEMENT shall not preclude the Producing Party, at a later date, from
15 designating any information CONFIDENTIAL. The Producing Party may, by written notice to
16 counsel of record for the receiving party or parties, designate previously produced information as
17 CONFIDENTIAL which it had inadvertently failed to designate as CONFIDENTIAL. Upon receipt
18 of such notice, the receiving party shall promptly mark, or permit the Producing Party to mark, its
19 copies of the material accordingly, shall thereafter treat the information as it if has been designated
20 CONFIDENTIAL, shall restrict the disclosure or use of such information to only those persons
21 qualified pursuant to this AGREEMENT, and, if such information has previously been disclosed to
22 persons not qualified pursuant to this AGREEMENT, shall take reasonable steps to obtain all such
23 previously disclosed information and advise such persons to treat the designated materials
24 confidentially as though originally so designated.

25       13.      <u>Disagreements Concerning Designation</u>.

26       Any party objecting ("Objecting Party") to a designation of documents or things as
27 CONFIDENTIAL shall notify the Producing Party. All objections by an Objecting Party shall state
28 in writing the specific grounds for its objections as to the confidential treatment of the material. The

Objecting Party and Producing Party shall promptly confer in an attempt to resolve their differences. If they are unable to resolve their differences in good faith within ten (10) days of receipt of the objection, the Producing Party shall file a motion with the Court with respect to the information at issue within thirty (30) days after communication of the objection. The information at issue shall be treated as confidential unless and until the Court decides otherwise. The Producing Party shall bear the burden of proving that the information is confidential and entitled to protection. If the Producing Party does not request a ruling within the allotted time, the information shall be deemed to be non-confidential.

14. <u>Duration</u>.

The confidentiality obligations imposed by this AGREEMENT shall remain in effect unless otherwise ordered by the Court.

Each of the undersigned counsel certifies to the contents of this AGREEMENT insofar as it represents the position or statement or his/her client(s) and covenants to abide by its terms.

15. <u>Breach</u>.

Breach of this agreement by any party may subject that party and its counsel to contempt, sanctions, issue preclusion, and/or a combination thereof as may be ordered by the court.

_____          _____
Date                                              THE ROSEN LAW FIRM
                                                     Steve O. Rosen, Esq.
                                                     Attorneys for Plaintiff Croman Corporation

3/3/06                                            /s/ John M. O'Brien
Date                                              JOHN M. O'BRIEN & ASSOCIATES, P.C.
                                                     John M. O'Brien, Esq.
                                                     Attorneys for Plaintiff Croman Corporation

March 2, 2006                              /s/ Garry L. Montanari
Date                                              MICHAELIS, MONTANARI & JOHNSON, P.C.
                                                     Garry L. Montanari, Esq.
                                                     Attorneys for Defendants Sikorsky Aircraft Corporation, Helicopter Support, Inc. and United Technologies Corporation

Agreement Against Unauthorized Use or Disclosure; Stipulated Protective Order

1

2  3/7/06                               /s/ Mitchell Kallet
   Date                                 KERN AND WOOLEY LLP
3                                       Mitchell Kallet, Esq.
                                        Attorneys for Defendant Rotair Industries, Inc.
4

5
   3/2/06                               /s/ Jeffery L. Podawiltz
6  Date                                 GLYNN & FINLEY, LLP
                                        Jeffery L. Podawiltz, Esq.
7                                       Attorneys for Defendant General Electric Company

8

9       IT IS HEREBY ORDERED:

10 Dated: March 17, 2006.

11

12                                      _____
                                        UNITED STATES MAGISTRATE JUDGE
13

14
   /croman.po
15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Agreement Against Unauthorized Use or Disclosure; Stipulated Protective Order

**EXHIBIT A**

DECLARATION OF _____ UNDER <u>AGREEMENT AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION AND STIPULATED PROTECTIVE ORDER</u>

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I hereby acknowledge that I may receive information designated as CONFIDENTIAL under the AGREEMENT in the above lawsuit, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the AGREEMENT AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION AND STIPULATED PROTECTIVE ORDER dated February 28, 2006 (the AGREEMENT).

5. I further state that I have been given a copy of and have read the AGREEMENT, that I am familiar with the terms of the AGREEMENT, that I agree to comply with and to be bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the AGREEMENT.

6. To assure my compliance with the AGREEMENT, I hereby submit myself to the jurisdiction of the United States District Court, Eastern District of California for the limited purpose of any proceedings relating to performance under, compliance with or breach of this AGREEMENT.

7. I understand that I am to retain all of the materials that I receive which have been designated as CONFIDENTIAL in a container, cabinet, drawer, room, or other safe place in a manner consistent with this AGREEMENT; that I am to make no copies or other reproductions of any of such materials; that all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and that any materials, memoranda, work notes, or other documents derived from documents designated as

CONFIDENTIAL or containing any information contained therein are to be delivered to the party who provided the designated materials.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the AGREEMENT.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the AGREEMENT.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:_____        _____
                                                                                  (Signature)

3512\pld\croman\p-stip.protective